

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

March 24, 2021

**BY ECF**

The Honorable Denise L. Cote
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY  10007

    Re:   *United States v. Janesky Germosen*, 03 Cr. 1102 (DLC)

Dear Judge Cote:

    The Government respectfully submits this letter to address proposed next steps in the case in light of the Second Circuit's remand.  For the reasons set forth below, and under the circumstances of this case, the parties' respectfully request that the Court enter an amended judgment, which would include vacatur of the § 924(c) conviction (Count Two).

    Entry of an amended judgment is permitted by 28 U.S.C. § 2255 itself, which lists both resentencing and correcting the sentence as distinct remedies (among others) available if the motion is granted:

> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner *or resentence him* or grant a new trial *or correct the sentence as may appear appropriate*.

28 U.S.C. § 2255(b) (emphasis added).  Moreover, the defendant's presence is not required: "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing."[1]  28 U.S.C. § 2255(c); *see also Arrous*, 320 F.3d at 359 ("The law recognizes a distinction between a proceeding by which the district court corrects or changes a pre-existing sentence, and one where the district court re-enters a sentence which has been vacated or set aside

---

[1] The Government understands from the defense that Mr. Germson, who has served the entirety of his custodial sentence and nearly all of the term of his supervised release, would waive any required appearance, if necessary.

by the Court of Appeals. In the former situation, we have held that a defendant need not be present; while in the latter, a defendant has a constitutional right to be present . . . .") (citations omitted).

  Finally, the requested remedy—entry of an amended judgment—is fully consistent with the Second Circuit's mandate. The Second Circuit granted the defendant's motion for a certificate of appealability, vacated the denial of his § 2255 motion, and remanded for further proceedings; the Circuit did not itself vacate the § 924(c) conviction and remand for resentencing. (Dkt. 264).

  Accordingly, the parties respectfully request that an amended judgment be entered in this case, which would include vacatur of the § 924(c) conviction (Count Two).

Respectfully submitted,

AUDREY STRAUSS
United States Attorney
Southern District of New York

By: _____
Jason M. Swergold
Assistant United States Attorney
(914) 993-1963

cc: Sylvie Levine, Esq. (by ECF)